**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 24-cr-00329-LKG |
| ) | |
| MACK LEE CLECKLEY, III, ) | Dated:  July 14, 2026 |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**
**ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION**

The Government has moved for reconsideration of the Court's May 1, 2026, Order, and related Memorandum Opinion, dated May 8, 2026, granting-in-part and denying-in-part Defendant Mack Lee Cleckley, III's motion to suppress certain evidence and suppressing all evidence obtained from the April 30, 2024, warrantless searches of Room 54 of the Bragg Motel. ECF No. 64.  The motion is fully briefed.  ECF Nos. 64 and 67.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court **DENIES** the Government's motion for reconsideration (ECF No. 64).

Background

As background, this criminal matter arises from the April 30, 2024, arrest of Mr. Cleckley at the Bragg Motel located in Upper Marlboro, Maryland, and the subsequent warrantless searches of his motel room ("Room 54").  ECF No. 61 at 1, 3–5.  In this case, Mr. Cleckley is charged with: (1) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute controlled substances, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C); (3) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), based upon the evidence obtained by the Government during the search of Room 54.  ECF No. 1.

On August 21, 2025, Mr. Cleckley moved to suppress all evidence obtained from the warrantless searches of Room 54 and for a *Franks* hearing.  ECF No. 34.  Following briefing and an evidentiary hearing on the motion, held on April 30, 2026, the Court issued an Order dated May 1, 2026, and a related Memorandum Opinion, dated May 8, 2026, that: (1) granted-in-part

and denied-in-part the Defendant's motion to suppress and suppressed all evidence obtained from the April 30, 2024, warrantless searches of Room 54 of the Bragg Motel (the "May 8, 2026, Decision"). ECF Nos. 59 and 61. Specifically, the Court held, among other things, that the Government's initial warrantless entry and search of Room 54 violated the Fourth Amendment, because the evidence showed that the search was not a lawful protective sweep, given that the law enforcement officers lacked specific and articulable facts to support a reasonable belief that Room 54 harbored another individual posing a danger to those on the arrest scene. ECF No. 61 at 13–15. The Court also held that, even if the law enforcement officers on the scene had conducted a lawful protective sweep, Senior Inspector Tristian Martin's search of the area between the mattress and the box spring of the bed in Room 54 exceeded the permissible scope of a protective search. *Id.* at 15.

In addition, the Court held that the Government had not shown that the good-faith exception to the Exclusionary Rule, or the inevitable discovery doctrine apply to the factual circumstances of this case. *Id.* at 16–18. And so, the Court suppressed all evidence obtained by the Government as a result of the April 30, 2024, warrantless searches of Room 54 and all fruits thereof. *Id.* at 18.

On May 15, 2026, the Government moved for reconsideration of the May 8, 2026, Decision upon the following grounds: (1) the Court committed clear error, by failing to recognize that Mr. Cleckley's partially clothed condition created an exigent circumstance that justified the officers' entry into Room 54 to retrieve clothing and the protective sweep incident to that entry; (2) the evidence observed in plain view during the search of Room 54 would have been inevitably discovered; and (3) the evidence obtained as a result of this search is admissible under the independent source doctrine, because the Government's later obtained search warrant was supported by evidence other than the firearm magazine recovered by Senior Inspector Martin. ECF No. 64 at 1, 2–8. And so, the Government requests that the Court reconsider the May 8, 2026, Decision and deny the Mr. Cleckley's motion to suppress. *Id.* at 9.

Legal Standards

The Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a decided motion. *United States v. Carroll*, No. 7:12-CR-57-F, 2012 U.S. Dist. LEXIS 155440, at *2 (E.D.N.C. Oct. 29, 2012). And so, federal courts that have addressed this question have borrowed the legal standard for motions for reconsideration set forth in Rule

2

59 of the Federal Rules of Civil Procedure, when considering a motion for reconsideration. *Id.*; *see also. United States v. Russell*, 747 F. Supp. 3d 827, 829 (D. Md. 2024). Under that standard, "[m]otions for reconsideration may be granted on one of three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or to prevent manifest injustice." *Russell*, 747 F. Supp. 3d at 829 (citing *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020)). But the United States Court of Appeals for the Fourth Circuit has cautioned that the bar for reconsideration is high, and a motion for reconsideration is not a proper vehicle to relitigate matters that the Court has already decided. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), aff'd, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). And so, the Fourth Circuit has also held that a motion for reconsideration "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

Analysis

The Government seeks reconsideration of the Court's May 8, 2026, Decision, upon the grounds that: (1) the Court committed clear error, by failing to recognize that Mr. Cleckley's partially clothed condition created an exigent circumstance that justified the officers' entry into Room 54 to retrieve clothing and the protective sweep incident to that entry; (2) the evidence observed in plain view during the search of Room 54 would have been inevitably discovered; and (3) the evidence obtained as a result of this search is admissible under the independent source doctrine, because the Government's later obtained search warrant was supported by evidence other than the firearm magazine recovered by Senior Inspector Martin. ECF No. 64 at 1, 2–8. Mr. Cleckley counters that reconsideration of the May 8, 2026, Decision is not warranted, because: (1) the Government neither argued that the exigent circumstances doctrine justified the warrantless searches of Room 54 in its response in opposition to the Defendant's motion to supress (or during the hearing on that motion), nor has shown that the factors that the Fourth Circuit relied upon in *United States v. Gwinn* are present in this case and (2) the Government also did not argue that the inevitable discovery and independent source doctrines

3

apply to this case in its response in opposition to the Defendant's motion to supress and the Government fails to identity evidence and case law to support the application of these doctrines to the facts of this case.  ECF No. 67 at 6-18; *see also United States v. Gwinn*, 219 F.3d 326, 329 (4th Cir. 2000).

Because the Government either failed to make the arguments raised in its motion for reconsideration during the briefing of the Defendant's motion to suppress, or improperly seeks to re-litigate issues in its motion for reconsideration that the Court has already addressed, the Court **DENIES** the Government's motion for reconsideration.

As an initial matter, the Government argues for the first time in its motion for reconsideration that the exigent circumstances doctrine applies to the facts of this case, because Mr. Cleckley's partially clothed condition at the time of his arrest created an exigent circumstance justifying the officers' entry into Room 54 to retrieve his clothing.  ECF No. 64 at 2–6; *see also United States v. Gwinn*, 219 F.3d 326 (4th Cir. 2000).  The Government neither presented this argument in its response in opposition to Mr. Cleckley's motion to suppress, *see* ECF No. 40 at 12–16, nor during the April 30, 2026, evidentiary hearing held on this motion, *see* ECF No. 66 at 172–197 (Apr. 30, 2026, Tr. at 172:6–197:17).  Given this, the argument is not properly raised as ground for reconsideration of the May 8, 2026, Decision. *Pac. Ins. Co.*, 148 F.3d at 403 ( holding that a motion for reconsideration may not be used to raise arguments that could have been raised in the original briefing.); *see also United States v. Bell*, No. 4:25-cr-46, 2025 WL 4673631, at *5–6 (E.D. Va. Dec. 8, 2025) (noting that the Government's invocation of a doctrine "for the first time at the hearing," after taking a different position in its briefing, is "procedurally improper" such that the court "need not consider it").

In addition, as the Court previously observed, the evidence in this case does not support the Government's theory that law enforcement officers needed to enter Room 54 to retrieve Mr. Cleckley's clothing.   Notably, during the April 30, 2026, evidentiary hearing, Senior Inspector Martin testified that obtaining clothing for Mr. Cleckley was "not a requirement" before transporting him from the scene.  ECF No. 61 at 15 (citation omitted).  Given this, the Government's exigency doctrine theory also lacks evidentiary support.  And so, the Court denies the Government's motion for reconsideration on this ground.

The Government's next ground for reconsideration, that the evidence the law enforcement officers observed during the warrantless searches of Room 54 would have inevitably been

4

discovered by motel staff and the Prince George's County Police Department, is also procedurally improper and unconvincing.  ECF No. 64 at 6–9.  The Government raised the inevitable discovery doctrine during the April 30, 2026, hearing, and the Court carefully considered and rejected this argument in the May 8, 2026, Decision.  ECF No. 61 at  17-18.  Given this, the Government cannot use a motion for reconsideration to re-litigate an issue that has already been considered and rejected by the Court.  *Pac. Ins. Co.*, 148 F.3d at 403.  The Government's argument also lacks evidentiary support, because the Government has not shown that the Bragg Motel had an inventory search policy that would require its staff to search Mr. Cleckley's motel room following his arrest.   ECF No. 64 at 8-9; ECF No. 66 at 196 (Apr. 30, 2026, Tr. at 196:2–7).  And so, the Court also declines to reconsider the May 8, 2026, Decision on this ground.

As a final matter, the Government has not shown that reconsideration of the May 8, 2026, Decision is warranted, because the evidence obtained as a result of the warrantless searches of Room 54 is admissible under the independent source doctrine.  The Government also failed to raise the independent source doctrine in its response in opposition to Mr. Cleckley's motion to suppress, *see* ECF No. 40 at 20–22, and during the April 30, 2026, hearing, *see* ECF No. 66 at 172–197 (Apr. 30, 2026, Tr. at 172:6–197:17).  Given this, the Government's  argument is not properly raised as a ground for reconsideration.  *Pac. Ins. Co.*, 148 F.3d at 403 (holding that a motion for reconsideration may not be used to raise arguments that could have been raised in the original briefing.).  And so, the Court also declines to reconsider the May 8, 2026, Decision on this final ground.  *Russell*, 747 F. Supp. 3d at 829; *see also Pac. Ins. Co.*, 148 F.3d at 403.

For the foregoing reasons the Court **DENIES** the Government's motion for reconsideration (ECF No. 64).

> **IT IS SO ORDERED.**

> s/ Lydia Kay Griggsby
> LYDIA KAY GRIGGSBY
> United States District Judge

5